THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HELEN TEPPERMAN, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, June 4, 1934.

*Panken & Levy [Matthew M. Levy of counsel], for the appellant.*

*William C. Dodge, District Attorney [Irving J. Tell of counsel], for the respondent.*

KERNOCHAN, J.    This is an appeal from a conviction charging the defendant with disorderly conduct tending to a breach of the peace in that on the 19th day of April, 1933, the appellant was in front of 245 Rivington street using threatening, abusive and insulting behavior, with intent to provoke a breach of the peace, and whereby a breach of the peace might be occasioned; that said defendant at the hour of ten-thirty A. M. was marching up and down in front of said premises, same being a bakery, carrying a placard announcing that there was a strike in progress.    Deponent stated that this defendant had no right to picket in front of said premises as the defendant was not a member of said bakers' union.    Defendant refused to move on when ordered to do so, used loud and boisterous language, causing a crowd to collect, resisted arrest and scratched and punched the deponent.

This complaint, loosely drawn, was made by a police officer and is full of much irrelevant matter that may be stricken out.    The looseness of the complaint and the irrelevant matter are not of such importance as to justify this court in dismissing the complaint upon its face.

We might strike out all that part of the complaint that alleges she was picketing a bakery while a strike was in progress and that she had no right to picket as she was not a member of the union and that she resisted arrest.    We still have left that she used threatening, abusive and insulting behavior whereby a breach of the peace might be occasioned; and that she scratched and punched the deponent, and caused a crowd to collect.

On April 19, 1933, the appellant, Helen Tepperman, was picketing in front of a bakery at 246 Rivington street.    Because she was not a baker the proprietor of the picketed premises thought she had no right to picket and told the arresting officer that she should be prevented from doing so.    The officer spoke to the appellant, shortly afterwards the breach of the peace occurred.    The testimony of the officer and of the appellant and her witnesses was conflicting.    This conflict the magistrate decided in favor of the officer and against the appellant.    It was the duty of the magistrate to decide this question of fact and his finding will not be disturbed by the appellate court.

We will now consider the point raised by the appellant, but in doing so the court must take the officer's account of the occurrence as the basis upon which to reach its conclusions.    The argument advanced by the appellant is that:

(1)  The officer had no right to arrest the defendant for picketing.
(2)  The officer placed her under arrest for picketing.
(3)  She, therefore, had a right to resist arrest.

The officer, of course, had no right to arrest the appellant for picketing simply because she was not a member of the union. That must be conceded.

The next and important question to decide is did the officer arrest her for picketing or even attempt to do so. He certainly did not act on his own initiative, for when the proprietor of the bakery told him the appellant was not a baker, the officer said: " I will go and ask her. If you will be the complainant I will take her to the station house." He then spoke to the appellant, and said: " You will have to come over to the station house with me." At this time the testimony shows that the appellant did not resist but simply said: " I won't walk over there; you will have to call the wagon." He then said: " Will you please go inside until I can call the wagon." Immediately after this the appellant scratched the officer in the face and as he says " smacked me in the eye." This is the disorderly conduct complained of and it appears that it was this that caused the arrest by the officer. The many cases quoted by the appellant's attorney are all based on the assumption that she was resisting an unlawful arrest. In my opinion the testimony of the officer does not support this and a clear case of disorderly conduct has been proved by the evidence. Judgment affirmed.

All concur; present, KERNOCHAN, P. J., McINERNEY and HERBERT, JJ.